# CIVIL COVER SHEET

Case 2:20-cv-04104-NIQA Document 1 Filed 08/21/20 Page 1 of 9

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Wanny Rodriguez t/a Lehigh Avenue Supermarket

### (b) County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

### (c) Attorneys *(Firm Name, Address, and Telephone Number)*
James N. Gross, Esquire
500 Office Center Dr., Fort Washington, PA 19034
267-513-1791

## DEFENDANTS

U.S. Department of Agriculture

County of Residence of First Listed Defendant   District of Columbia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 2  U.S. Government
    Defendant

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☒ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | **IMMIGRATION** | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | Agency Decision |
| | Employment | **Other:** | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | Actions | | State Statutes |
| | Other | ☐ 550 Civil Rights | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    Another District
    *(specify)*

☐ 6  Multidistrict
    Litigation -
    Transfer

☐ 8  Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Appeal of Agency Decision

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
08/21/2020

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2837 W. Lehigh Avenue, Philadelphia, PA 19132 _____

Address of Defendant: _____ 1400 Independence Avenue SW, Washington, DC 20250 _____

Place of Accident, Incident or Transaction: _____ Alexandria, VA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/21/2020 _____ Must sign here _____  **PA ID. No. 40715**

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* ___ Appeal of Federal Agency Decision ___

*B.* **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ James N. Gross, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 08/21/2020 _____ *strike here if applicable* _____  **PA ID. No. 40715**

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Wanny Rodriguez t/a | : | CIVIL ACTION |
| Lehigh Avenue Supermarket | : | |
| v. | : | |
| U.S. Department of Agriculture | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


| 08/21/2020 | James N. Gross, Esquire | James N. Gross, Esquire |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 267-513-1791 | 267-363-1291 | jimgross1616@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |
|---|---|
| Wanny Rodriguez t/a Lehigh Avenue Supermarket | ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) ) |
|  | ) ) ) ) |
| U.S. Department of Agrculture | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* U.S. Department of Agriculture
1400 Independence Avenue, SW
Washington, DC 20250

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Wanny Rodriguez t/a | : | |
| Lehigh Avenue Supermarket | : | CIVIL ACTION |
| | : | |
| v. | : | NO. |
| | : | |
| United States Department of Agriculture | : | |
| | : | |
| | : | |

<u>COMPLAINT</u>

1. Plaintiff is the sole proprietor of a grocery store in a highly concentrated residential and commercial section of the City of Philadelphia. The business functions as a retail seller of various food and non-food items for consumption and use in residential households.

2. Defendant is the United States Department of Agriculture which agency serves as the administrator for the Supplemental Nutrition Assistance Program (SNAP).

3. The Supplemental Nutrition Assistance Program (SNAP) was created to financially assist low-income individuals and/or families with the purchase of a variety of food items.

4. Individuals and/or families who qualify to receive these financial benefits are provided, to a vast majority, a card, similar to a "credit card". Each month the eligible individual or cardholder is allotted a certain sum of money to transact for the purchase of food items at retail food businesses who are authorized to accept and transact the card.

5. Retail food businesses who wish to participate in the program must be authorized to do so through the appropriate division or department of the U.S. Department of Agriculture. Upon the business applicant fulfilling the eligibility requirements, the retailer thereafter is provided, amongst other items, an Electronic Benefit Transfer processor. The benefits

card is "entered" into the processor resulting in the sale of items being accepted by the defendant and the value of same "credited" to the retailer.

6.  Plaintiff Lehigh Avenue Supermarket had been a long-standing eligible participant in the program serving economically depressed and low-income individuals and families.

7.  By letter dated 11/21/2019, plaintiff was alleged by the defendant to have committed violations of certain terms and conditions of the program's regulations. The violations were stemmed from Electronic Benefits Transfer transactions that "established clear and repetitive patterns of unusual, irregular and inapplicable SNAP activity for your firm".

8.   The "activity" in question, as alleged by the defendant, constituted "trafficking". The sanction for (allegedly) engaging in "trafficking" was the permanent disqualification of the plaintiff from the SNAP Program.

9.  As an alternative to the sanction of permanent disqualification, the plaintiff could pay an exorbitant and unaffordable fine. The size of the fine was completely unrelated to any amount the food retailer may have benefitted from *had he* engaged in "trafficking".

10. That by setting such an exorbitant amount for the fine which had to be paid within a short period of time, the only alternative available to the plaintiff was to attempt to rebut the charge or charges of "trafficking".

11. That permanent disqualification of the plaintiff from the program has resulted, and will continue to result, in a substantial loss of income. Plaintiff avers that such a loss, should it continue, may very well result in the closing of his store and further deprive economically depressed and low-income individuals and families the ability to purchase necessary and "program-eligible" foods within their neighborhood. Such disqualification is especially acute for impoverished single mothers and low-income elderly who have little, if any, independent transportation.

12. That "trafficking" is alleged to occur when the retailer offers the EBT participant cash in return for processing a "phantom" item. The item appears on the receipt provided by the EBT processor and shared with the defendant but is <u>not</u> purchased or possessed by the EBT cardholder.

13. As per a "charge" letter of 11/21/2019 from the defendant, plaintiff was alleged to have engaged in "trafficking" upon the defendant's review of a series of EBT processor receipts for certain months in 2019. The plaintiff was given 10 days to respond to the "trafficking" charges which stemmed only from a review of the receipts in question.

14. That if plaintiff failed to respond in 10 days to the "charge" letter of 11/21/2019, <u>permanent</u> disqualification would be imposed.

15. On 11/30/2019, plaintiff submitted a reply comprised of 84 pages of transaction receipts. In response to that submission, the defendant requested additional information alleging that the plaintiff's information could not be "adequately deciphered".

16. By letter dated 01/30/2020, the plaintiff was informed by a branch (Repair Operations Division) of the defendant, that he had been permanently disqualified from the program.

17. Though the defendant, with the aid of counsel herein, preserved his request for a review of the imposition of permanent disqualification by the defendant's Administrative Review Branch, the permanent disqualification was imposed as of 01/30/2020.

18. Plaintiff exercised his right to request administrative review which was to be determined only by written submission(s). Plaintiff offered such a submission on 04/06/2020.

19. As anticipated, the Administrative Review Branch, by whom plaintiff's submission was alleged to have been considered, sustained the imposition of permanent disqualification. This Final Agency Decision was circulated to the plaintiff on 07/22/2020.

20.  Plaintiff, by filing the instant complaint is exercising his right to *judicial* review of the final agency decision/determination pursuant to 7 U.S.C. §2023.

21. In support of this complaint, plaintiff avers that the "evidence", utilized by the defendant through its designated divisions or branches in reaching the Final Agency Decision, did <u>not</u> "establish clear and repetitive patterns of unusual, irregular SNAP activity for your type of firm".

22. Plaintiff further avers that the "evidence" as proffered by the defendant, through its designated divisions or branches, was insufficient to support <u>permanent</u> disqualification.

23. Plaintiff avers that the process undertaken to permanently disqualify his store from participation in SNAP was no more than a pretext to make it that much more difficult for recipients of SNAP benefits, and retailers authorized to accept same, to participate in this much-needed program.

24. Plaintiff avers that the true motivation for the imposition of permanent disqualification, not only against his store, but against numerous and similar retailers, is to "strangle" access to SNAP to those who need it most and to those who service the eligible participants.

25. The actions of the defendant against the plaintiff in implementing this motivation were, and are, capricious, vexatious, punitive and discriminatory against those who are deeply and generationally impoverished.

26. Plaintiff is seeking a determination that the administrative action imposed against him was/is invalid, from which the determination of permanent disqualification should be reversed.

27.  Plaintiff hereby demands a trial by jury pursuant to F.R.C.P. 38(b)(1).

WHEREFORE, plaintiff requests that he be heard at trial pursuant to 7 U.S.C. 2023(a)(15), and should he thereafter prevail, that this court order a reversal of the permanent disqualification now imposed.

By: _____

James N. Gross, Esq.
Attorney for Plaintiff
PA ID No. 40715
500 Office Center Dr., 4th Fl.
Fort Washington, PA 19034
P: 267-513-1791
F: 267-363-1291
Email: jimgross1616@verizon.net